UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA COMMUNITY BUSINESS CREDIT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Cause No. 1:10-cv-845-WTL-MJD |

## ENTRY ON MOTION TO REMAND

Before the Court is the Plaintiff's Motion to Remand (Docket No. 21). The Plaintiff contends that remand is required because there is a lack of complete diversity among the parties. Specifically, the Plaintiff notes that Defendant Integrated, LLC d/b/a Integrated Security Solutions ("Integrated"), like the Plaintiff, is an Indiana citizen. In response, Defendant JP Morgan Chase Bank N.A. ("Chase") argues that Integrated was fraudulently joined in order to defeat this Court's diversity jurisdiction, so removal was proper. The Plaintiff's motion is fully briefed, and the Court, being duly advised, now **GRANTS** the Plaintiff's motion for the reasons set forth below.

## I.  LEGAL STANDARD

A defendant in a civil action filed in state court may remove the action to federal court if the federal court would have had original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Chase argues that removal was proper in this case based on diversity jurisdiction under 28 U.S.C. § 1332(a). For removal to be valid based on diversity jurisdiction complete diversity of citizenship is required. *See Hoosier Energy Rural Elec. Coop., Inc. v.*

*Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314-15 (7th Cir. 1994).

Although a plaintiff is free to choose his or her own forum, in-state defendants may not be joined solely for the purpose of defeating federal diversity jurisdiction. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000); *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir. 1993). Joinder of non-diverse parties solely for this purpose is considered fraudulent and should be disregarded when determining the propriety of removal. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (explaining that "[a]lthough false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives").

A defendant seeking removal on the basis of fraudulent joinder has a heavy burden of establishing such an allegation. *See Poulos*, 959 F.2d at 73. "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id*. Essentially, the reviewing court must find that there is no reasonable possibility that a state court would rule against the non-diverse defendant. *Id.* The scope of this court's inquiry in determining fraudulent joinder is "extremely narrow," permitting only a summary inquiry to determine whether the plaintiff is precluded from recovering against the in-state defendant. *See Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 847 (S.D. Ill. 2006); *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (stating that "[a] defendant faces a 'heavy burden' to demonstrate that the joinder is fraudulent, and some courts . . . have suggested that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6)").

## II. BACKGROUND

Chase and the Plaintiff, Indiana Community Business Credit Corporation ("ICBCC"), both made loans to Amerilink. When Chase and ICBCC made their loans they entered into an Intercreditor Agreement, which subordinated ICBCC's liens and security interests to Chase's liens and security interests. Twice in 2007, Amerilink violated Chase's loan covenants. Accordingly, in early 2008, Chase declared that Amerilink was in default.

During the spring of 2008, Amerilink, with ICBCC's assistance, began to look for a buyer or "strategic partner." Compl. ¶ 21. Ultimately, in May 2008, Lundstrom Enterprises, LLC ("Lundstrom") issued a letter of intent, evincing its intent to purchase Amerilink's assets. However, before the transaction occurred, Chase sold all of Amerilink's assets at an auction. Neither ICBCC nor Lundstrom received notice of the auction, and accordingly, neither party bid on Amerilink's assets.

Unfortunately, the auction failed to generate sufficient funds to satisfy Amerilink's indebtedness to Chase.[1] As a result, ICBCC did not receive any recovery on its subordinate loan. ICBCC ultimately filed suit against Chase and Integrated in Marion County Superior Court. ICBCC alleged breach of the Intercreditor Agreement, violation of Article 9 of the UCC, and unjust enrichment against Chase and "lien foreclosure/fraudulent transfer" against both Chase and Integrated.[2] Compl. at 10. Chase timely removed the case to federal court, alleging that

---

[1] According to the Plaintiff's Complaint, Amerilink's assets were sold for $196,750.90. Amerilink owed Chase approximately $1.1 million.

[2] Integrated was named as a Defendant because it purchased some of Amerilink's assets at the auction.

3

ICBCC fraudulently joined Integrated in order to avoid diversity jurisdiction. ICBCC has now moved to remand the case to state court.

## III. DISCUSSION

As Chase aptly notes, the issue here is fraudulent joinder. Simply put, if Integrated is a proper party to this case then the case must be remanded to state court. If Integrated is not properly a part of this case then the case may remain in federal court. The only claim that ICBCC asserted against Integrated is for "lien foreclosure/fraudulent transfer." Compl. at 10. In its motion to remand, ICBCC explains: "Integrated did not act in good faith in connection with its purchase of certain collateral repossessed by Chase from . . . Amerilink . . . , and alternatively, that the transfer to Integrated was fraudulent as to ICBCC because Chase did not receive reasonably equivalent value for the collateral." Docket No. 21 ¶ 8.

Indiana Code 26-1-9.1-617(b) states: "A transferee that acts in good faith takes free of the rights and interests described in subsection (a)." Thus, in order to take free of ICBCC's lien, Integrated *had* to act in good faith. Good faith has, in other circumstances, been deemed an issue of fact. *See Hoseman v. Sheffler*, 886 N.E.2d 622 (Ind. Ct. App. 2008) (issue of whether a transfer was made in good faith precludes summary judgment on Fraudulent Transfer Act claim). Chase's only response to this argument is to essentially assume that Integrated acted in good faith.[3] *See* Docket No. 23 at 6 (stating that "[a]s a good faith transferee, Integrated takes free of the rights and interests of ICBCC"). This is not convincing, especially given that good faith is

---

[3] To be fair, Chase also argues that ICBCC's allegations are based on hearsay. In support of this argument Chase filed a motion to strike portions of an affidavit submitted by ICBCC. *See* Docket No. 24. However, in ruling on the motion to remand, the Court did not consider any portion of ICBCC's affidavit; therefore, Chase's Motion to Strike (Docket No. 24) is **DENIED AS MOOT**.

4

an issue of fact. Based on the existence of this issue of fact, ICBCC has stated a viable claim against Integrated; therefore, Integrated's joinder was not fraudulent.[4] Because Integrated's presence as a defendant destroys complete diversity, this Court lacks jurisdiction and the case must be remanded to state court.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Remand (Docket No. 21) is **GRANTED** and this cause is **REMANDED** to the Marion County Superior Court.

SO ORDERED: 01/06/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas Guy Burroughs
Katz & Korin, P.C.
tburroughs@katzkorin.com

Thomas David Collignon
Collignon & Dietrick PC
tcollignon@cdattorneys.com

Patrick Joseph Dietrick
Collignon & Dietrick
pdietrick@cdattorneys.com

Michael W. Hile
Katz & Korin P.C.
mhile@katzkorin.com

James A. Knauer
Kroger Gardis & Regas, LLP
jak@kgrlaw.com

Michael B. Knight
Collignon & Dietrick, PC
mknight@cdattorneys.com

Jennifer L. Watt
Kroger Gardis & Regas LLP
jwatt@kgrlaw.com

---

[4] Because the Court has concluded that ICBCC's "good faith" claim against Integrated is viable, the Court declines to address ICBCC's "fraudulent transfer" claim as it relates to Integrated.

5